UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARC RAMIREZ, :
:
       Petitioner :
:
v. : CIVIL NO. 4:CV-05-2688
:
TROY WILLIAMSON, : (Judge McClure)
:
       Respondent :

**MEMORANDUM AND ORDER**

January 25, 2006

**Background**

      Marc Ramirez ("Petitioner"), an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSCI-Allenwood"), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee was paid on January 23, 2006. For the reasons set forth below, Ramirez's petition will be dismissed without prejudice.

      Named as Respondent is LSCI-Allenwood Warden Troy Williamson. Petitioner states that he was convicted of drug related offenses following a 1990 trial in the United States District Court for the Eastern District of New York. Ramirez notes that he was tried along with nine (9) co-defendants. Following his conviction, Petitioner was sentenced to a 235 month term of incarceration.

1

Ramirez claims that his sentence was enhanced by 84 months "for drug quantities, firearms, and a leader/organizer position." Record document no. 1, p. 6. His petition argues that he is entitled to federal habeas corpus relief because the sentence enhancements were based on factors which were not adjudicated by the jury. Ramirez adds that he cannot obtain relief under 28 U.S.C. § 2255 because his present action is "not based on newly discovered evidence nor a new rule of constitutional law that has been made retroactive to cases on collateral appeal." Id. at p. 1.[1]

In support of his argument for relief, the petition references the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000),[2] Blakely v. Washington, 124 S. Ct. 2531 (2004), and its more recent holding in United States v. Booker, 125 S. Ct. 738 (2005). In Blakely, the Court stated that the Sixth Amendment did not permit a sentencing judge to increase a sentence based on facts that were neither reflected in the jury's verdict nor admitted by the defendant. Booker reaffirmed Apprendi adding that the Federal Sentencing Guidelines were not mandates but advisory only. As relief, Ramirez seeks his immediate release and asks that his sentence be vacated and remanded for further proceedings.

## **Discussion**

---

1. Petitioner states that he previously filed an unsuccessful § 2255 petition.

2. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).  The district courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

The usual avenue for federal prisoners seeking to challenge the validity of a federal court conviction or sentence is a § 2255 motion in the sentencing court.  In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by

motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)), cert. denied,122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citing United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam). As noted by the Court of Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective. Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by showing that a prior § 2255 motion has been denied. In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  In his present petition, Petitioner acknowledges that his present claims of improper sentence enhancement were previously raised in both his unsuccessful direct appeal and § 2255 action.  To allow Ramirez to file a habeas petition in his district of confinement asserting similar claims raised in a previous unsuccessful § 2255 action would obliterate congressional attempts to promote finality in federal criminal cases.

However, Petitioner notes that the Booker and Blakely decisions were "not decided at the time of his first § 2255 motion." Record document no. 1, p.1. Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a § 2255 remedy inadequate and ineffective.  The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas

corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249.  The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251.  Thus, these cases set a high bar for what types of serious constitutional issues are sufficient for courts to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

As previously noted, Ramirez admits that his present action is not based on any newly discovered evidence.  He also has not established that Apprendi, Booker and Blakely are retroactively applicable to cases on collateral review. Unlike Dorsainvil, Petitioner's present claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.

Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged.  In this case, Ramirez has failed to present any allegations suggesting that he was not involved in the alleged underlying criminal activity.  Petitioner's sentencing related claims, namely, that his sentence was improperly enhanced, has nothing to do with the actual question of Petitioner's guilt.  He has also not presented any facts to show that the denial of his habeas petition would raise serious constitutional issues.

With respect to his Apprendi/Blakely/Booker claims, a review of those decisions provides that they have not been made retroactive to cases on collateral

6

review. In <u>Tyler v. Cain</u>, 533 U.S. 656, 663 (2001),[3] the Supreme Court established that a new rule of law is <u>not</u> made retroactive to cases on collateral review unless the Court itself holds it to be retroactive. A review of <u>Apprendi</u>/<u>Blakely</u>/<u>Booker</u> reveals that there is no indication that said decisions were determined to have retroactive effect.

The Court of Appeals for the Third Circuit, relying on <u>Tyler</u>, has recognized that no Supreme Court case specifically holds that <u>Apprendi</u> is retroactive on collateral review. <u>In Re: Turner</u>, 267 F.3d 225, 231 (3d. Cir. 2001). It is additionally recognized that in <u>Okereke v. United States</u>, 307 F.3d 117, 120-121 (3d Cir. 2002), the Third Circuit established that under <u>Dorsainvil</u>, § 2255 is not inadequate or ineffective to raise <u>Apprendi</u> claims. In conclusion, Petitioner's reliance on <u>Apprendi</u> is misplaced.

Recently, the Third Circuit held that the <u>Blakely</u>/<u>Booker</u> decisions do not have retroactive effect. <u>See</u> <u>Lloyd v. United States</u>, 407 F. 3d 608, 615-16 (3d Cir. 2005); <u>see</u> <u>also</u> <u>Oriakhi v. United States</u>, Civ. No. 3:CV-04-36, slip op. at p. 3 (M.D. Pa. March 3, 2005)(Vanaskie, C.J.)(the Supreme Court has not directed that <u>Blakely</u> can be retroactively applied to cases on collateral review). Since <u>Apprendi</u>/<u>Blakely</u>/<u>Booker</u> cannot presently be applied retroactively to cases on

---

3. While <u>Tyler</u> specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim. This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect. <u>United States v. Vancol</u>, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing <u>Reed v. Farley</u>, 512 U.S. 339, 353 (1974)). Precedent under § 2254 and § 2255 may be used interchangeably. <u>Vancol</u>, 916 F. Supp. at 377 n. 3 (citing <u>Kaufman v. United States</u>, 394 U.S. 217, 224-27 (1969)).

collateral review, this Court is precluded from considering Ramirez's petition.  See United States v. Pinkston, 153 F. Supp. 2d 557 (M.D. Pa. 2001).

Based on the foregoing analysis, the fact that Booker/Blakely were decided after both conclusion of Petitioner's direct appeal and § 2255 action, does not allow him to assert his present claims in a § 2241 petition.  Therefore, an application to the United States Court of Appeals for the Second Circuit seeking leave to file a second or successive § 2255 motion is the only vehicle available to Petitioner.

The petition for writ of habeas corpus will be dismissed without prejudice. Ramirez, if he so chooses, may reassert any of his present claims by filing an application for leave to file a second or successive § 2255 petition with the Second Circuit Court of Appeals.  Consequently,

**IT IS THEREFORE ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed without prejudice.
2. The Clerk of Court is directed to close this case.
3. There is no basis for the issuance of a Certificate of Appealability.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge