UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC RAMIREZ, : | |
| : | |
| Petitioner : | |
| : | |
| v. : | CIVIL NO. 4:CV-05-2688 |
| : | |
| TROY WILLIAMSON, : | (Judge McClure) |
| : | |
| Respondent : | |

### **ORDER**

April 4, 2006

**Background**

Marc Ramirez ("Petitioner"), an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania ("LSCI-Allenwood"), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Named as Respondent is LSCI-Allenwood Warden Troy Williamson.

Petitioner was convicted of drug related offenses following a 1990 trial in the United States District Court for the Eastern District of New York. His petition argued that he was entitled to federal habeas corpus relief because sentence enhancements which were imposed against him were based on factors which were not adjudicated by the jury. The petition referenced the United States Supreme Court's decisions in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct.

1

2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005).  Ramirez sought his immediate release and asked that his sentence be vacated and remanded for further proceedings.

By Memorandum and Order dated January 25, 2006, Ramirez's petition was dismissed without prejudice on the basis that his claims were not properly raised under § 2241.  The decision concluded that Petitioner had not shown that his remedy under 28 U.S.C. § 22545 was inadequate or ineffective because his claims were not based on any newly discovered evidence and he had not established that Apprendi, Booker and Blakely were retroactively applicable to cases on collateral review.  It was also noted that Ramirez's present claims, were not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction, had  nothing to do with the actual question of his guilt and there were no facts presented to show that the denial of the petition would raise serious constitutional issues.

Presently pending is the Petitioner's motion seeking reconsideration of the summary dismissal of his action.  See Record document no. 7.  The motion is ripe for consideration.

**Discussion**

The Petitioner's motion requests that this Court reconsider its summary dismissal of his habeas corpus petition.  A motion for reconsideration is a device of limited utility.  It may be used only to seek remediation of manifest errors of law or fact or to present newly discovered precedent or evidence which, if discovered

2

previously, might have affected the court's decision.  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906 (3d Cir.  1985), <u>cert. denied</u>, 476 U.S. 1171 (1986).  It has also been held that a motion for reconsideration is appropriate in instances such as where the court has " . . . misunderstood a party, or has made a decision outside the adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension."  <u>See</u> <u>Rohrbach v. AT & T Nassau Metals Corp.</u>, 902 F. Supp. 523, 527 (M.D. Pa. 1995), <u>vacated in part on other grounds on reconsideration</u>, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  <u>Continental Casualty Co. v. Diversified Indus., Inc.</u>, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

  Petitioner's motion seeks relief on the basis that he has had no reasonable opportunity to obtain judicial review of his present claims and there has been no Supreme Court ruling that <u>Apprendi</u>, <u>Blakely</u> and <u>Booker</u> cannot be applied retroactively.  Ramirez's reconsideration motion has failed to establish the presence of any errors of law or fact and does not set forth any newly discovered evidence or precedent which would undermine the prior conclusion of this Court.  As a result, the Petitioner's request for reconsideration will be denied.  Consequently,

**IT IS HEREBY ORDERED THAT:**

Petitioner's motion (Record document no. 7) seeking reconsideration of the Court's January 25, 2006 Memorandum and Order is DENIED.

            s/ James F. McClure, Jr.
           JAMES F. McCLURE, JR.
           United States District Judge